JOYJSTRS, J.,
delivered the opinion of the court:
The court is of opinion that the transactions between Boj'd Miller, Archibald Robertson and Samuel Read, as of August 31, 1819, in reference to the affairs of the mercantile firms of A. Robertson & Co. and S. Read & Co. of which they were the members, was a settlement between the said parties of the affairs of said firms as far as it was practicable at that time to settle the same, and embraced everything relating to said affairs, except the bad and doubtful debts, and the liabilities that might arise out of the return to the said firms, or either of them, of any of the debts transferred to the said Boyd Miller, according to the agreement then made between the said parties. The court is further of opinion, that if, as alleged by said Samuel Read, there was an error in the said settlement, in charging the Bedford store with too much b3r the sum of ¿£517, 18s, 2d, the said sum was properly allowed to said Samuel Read as a deduction from the order of said Boyd Miller on him. And it further fseems probable, as far as the agreement between the parties to these transactions can now be ascertained, that in consequence of the said deduction from the order on said Samuel Read, the said Boyd Miller became entitled to receive from the said Archibald Robertson the said sum of ,£517, 18s, 2d, in addition to the amount of said Miller’s order on said Robertson, and that said Robertson became entitled to a deduction from his bonds to said Miller of one-third part of said sum, or of one-third part of so much of said sum as was made up of bad debts set down as good in the balance sheet of the Bedford store.
But the court is of opinion, that while it would have been proper to make a full correction of the said error, if a proceeding for that purpose had been instituted in due time, yet after so great a lapse of time from the discovery of said error, after so many transactions have taken place between the said Archibald Robertson and the said Boyd Miller and his agents, and as the said Boyd Miller and his agent fm. Barrett, failed to make or suggest any claims against the said Archibald Robertson or his representatives, on account of the said error, until thirty years after it was discovered, when said Archibald Robertson and Samuel Read were both dead, and after the claim had been suggested to said Miller by Commissioner Tinsley, although, during the interval, the said Robertson had claimed large credits on his bonds to said Miller, on account of returned debts, the claim set up in this cause by the said Miller to charge the said Robertson’s representative with ¿517, 18s, 2d, on account of said error, ought to be disallowed and rejected, in consequence of its staleness and of the probable impossibility, from lapse of time and death of parties, of ascertaining the facts of the case and of doing justice, and also because it may reasonably be presumed that the said *claim, if originally just, had been abandoned by said Miller, or satisfied by said Robertson.
The court is, therefore, of opinion that the Circuit court erred in overruling the 1st, 2d, 3d and 4th, exceptions of the appellants to the first report of Commissioner Tinsley in respect to the said sum of ¿517, 18s, 2d.
The court is further of opinion, that the debt of $1,000, due by Nicholas Harrison, which was not returned to Archibald Robertson in his lifetime and accepted by him as a returned debt, ought not to have been charged as a returned debt, because it had not been ascertained that any part of it would be lost, and it was just, under the circumstances of the case, that Boyd Miller should await the result of the legal proceedings in which the said debt was involved.
The court is, therefore, of opinion that the Circuit court erred in overruling the eleventh exception of the appellants to the first report of Commissioner Tinsley, so far as the same relates to the said debt of $1,000.
The court is further of opinion, that the interest account between Boyd Miller and A. Robertson & Co., and between Archibald Robertson and A. Robertson & Co., in relation to the returned and substituted debts, should be stated in accordance with the foh lowing general principles.
Upon the return of a debt by Boyd Miller (supposing it to be one of those transferred to him as of the 31st August, 1819), the amount of said debts, on said 31st August, 1819, should be put to the credit of said Boyd Miller in account with A. Robertson & Co., by a cross-entry of that date, so as to leave unpaid so much of said Miller’s debt as had been originally paid by the debt returned; the effect of returning the debt being to cancel the payment to Miller, pro tanto. When another debt of the firm is substituted by Robertson in place of the debt returned, *the amount due upon it, at the time of Ihe substitution, principal and interest, is the amount paid by it on account of the debt of A. Robertson & Co. to Miller, and Archibald Robertson must have credit with A. Robertson & Co., for that amount, and interest must be allowed upon it, just as if the amount had been paid in money. Thus, Archibald Robertson will receive credit with A. Robertson & Co. for as much as A. Robertson & Co. get credit for with Boyd Miller, the interest on one side will exactly balance the interest on the other, and the injustice will be avoided of subjecting Robertson to a loss in consequence merely of his standing as a middle man between Boyd Miller and A. Robertson & Co.
*456 When the amount due on the substituted debt is less than the amount due to Miller on account of the debt returned, it must be applied first to pay the interest due him, in like manner as if the amount had been paid in money.
Or, instead of stating an account as aforesaid between Archibald Robertson and A. Robertson & Co., the whole of the transactions in question .may be stated in an account between Boyd Miller and A. Robertson & Co., in which account said Boyd Miller, will be credited and said firm will be charged with the amount, principal and interest, of all debts returned by said Miller; and said Miller will be charged and said firm will be credited with the amount, principal and interest, of all debts of the firm substituted for those returned. In this mode of stating the account, the firm will, of course, lose what Boyd Miller receives, and neither more nor less, and the practical result will be the same as on the other mode of statement above mentioned.
The court is further of opinion, that in the account of Samuel Garland for the collection of bad and doubtful debts, he should be charged with interest on the annual balances from the end of each year, and that his disbursements ^should be charged against the principal, according to the principles applicable to the accounts of fiduciaries. And as the interests of Archibald Robertson and Samuel Read in the said bad and doubtful debts, were pledged to make good the claims of Boyd Miller against A. Robertson & Co., for the collection of which claim said Samuel Garland was agent of said Miller, the funds in the hands of said Samuel Garland arising from the collection of bad and doubtful debts, should, in the opinion of the court, be applied, at proper periods, to the payment of said , claims of said Boyd Miller. And the court is further of opinion that as the collections of said Samuel Garland from bad and doubtful debts were of small amount prior to January, 1824; it would not be proper to make a rest in said account for the purpose of applying the balance due from said Samuel Garland as a credit upon the claims of said Boyd Miller, until the end of the year 1824, at which time the amount due by said Samuel Garland on said account, principal and interest, except so much as might properly have been retained by him to meet expenses, should be applied to the credit of A. Robertson & Co. in account with Boyd Miller, and that after that time, the balance should be struck in said Garland’s account aforesaid at the end of each year, and the amount thereof, except so much as might properly have been retained to meet expenses, applied, at the date of such balance, to the credit of A. Robertson & Co. in account with Boyd Miller.
The court is therefore of opinion that the Circuit court erred in overruling the 28th, 30th and 31st exceptions to the first report of Commissioner Tinsley, so far as the accounts and statements to which the said " ceptions apply are inconsistent with the foregoing principles.
Decree reversed, with costs, so far as declared to be *erroneous, and affirmed in all other things, and cause remanded.